**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-30275

TOMMIE A. VASSEL,

Plaintiff-Appellant,

VERSUS

METROVISION PARTNERSHIP FOUNDATION, THE CHAMBER/NEW ORLEANS AND
THE RIVER REGION, A/K/A THE CHAMBER,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
(96-CV-2188-K)

June 25, 1999

Before EMILIO M. GARZA, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellant Tommie A. Vassel seeks reversal of a summary judgment order granted in favor of his former employer, "the Chamber," which disposed of Vassel's claims of racial discrimination by the Chamber in violation of Title VII. Namely, Vassel contends that he was constructively discharged and that he

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

received less compensation than he would have if he were white. The district court dismissed Vassel's claims because Vassel had failed to produce evidence of an adverse employment action taken against him. After considering the briefs, the argument of counsel, and conducting a careful review of the record viewed in the light most favorable to Vassel, we affirm the district court's grant of summary judgment.

## I. Discussion

We review the district court's grant of summary judgment de novo. *See Walton v. Bisco Indus.*, 119 F.3d 368, 370 (5th Cir.1997). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c).

Although Vassel seeks to ignore the Title VII framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, it nonetheless controls this case. 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). In the present context, *McDonnell Douglas* requires Vassel to establish, as his prima facie case, that (1) he belongs to a protected group, (2) that he was qualified for his position, (3) that he was dismissed or suffered an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action. *See id.; Ward v. Bechtel Corp.*, 102 F.3d 199, 202 (5th Cir.1997). The district court found that Vassel had failed to produce evidence

2

that he had suffered an adverse employment action. While the district court primarily focused on his constructive discharge claim, Vassel now contends that he has cleared his prima facie hurdle by producing evidence of a discriminatory wage and benefits policy.

After carefully reviewing the record and considering Vassel's contentions, we also conclude that Vassel has failed to meet the third element of his prima facie case. There is simply nothing in this record that demonstrates an employment decision by the Chamber that, when viewed objectively, would constitute a sufficient adverse employment decision contemplated by Title VII. In regard to his constructive discharge claim, beyond Vassel's own self-serving statements, there is no evidence that the Chamber had made Vassel's working conditions so intolerable that a reasonable employee would have felt compelled to resign in Vassel's situation. *See Barrow v. New Orleans S.S. Ass'n*, 10 F.3d 292, 297 (5th Cir.1994)(establishing the test and nonexclusive factors to consider for Title VII violations based on constructive discharge). Furthermore, Vassel has failed to produce any evidence that shows race played a part in the Chamber's compensation scheme. Vassel's mere speculation and simple disagreement with the Chamber's decisions regarding compensation, without more, cannot establish a Title VII violation. *See Swanson v. General Servs. Admin.*, 110 F.3d 1180, 1186 (5th Cir.1997); *Elliott v. Group Medical & Surgical Serv.*, 714 F.2d 556, 567 (5th Cir.1983). "Conclusory statements . . . do not provide facts that will counter summary

3

judgment evidence, and testimony based on conjecture alone is insufficient to raise an issue to defeat summary judgment." *Lechuga v. Southern Pacific Trans. Co.*, 949 F.2d 790, 798 (5th Cir.1992)(footnotes omitted).

The other issues raised in Vassel's appeal are without merit.

## II.  Conclusion

For the foregoing reasons, we AFFIRM.